IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:02-cr-66 |
| v. ) | 7:15-cr-42 |
| ) | |
| CLIFTON DERON CAMPBELL, ) | By: Michael F. Urbanski |
| ) | Chief United States District Judge |
| Defendant ) | |

## MEMORANDUM OPINION

Clifton Deron Campbell, proceeding pro se, has filed identical motions to reduce his sentence pursuant to Section 404(b) of the First Step Act of 2018 ("the Act"). ECF No. 65 in Case No. 7:02-cr-66; ECF No. 121 in Case No. 7:15-cr-42.[1] The Federal Public Defender was invited to file a supplemental petition on Campbell's behalf but declined to do so. ECF Nos. 70, 71 in Case No. 7:02-cr-66; ECF Nos. 126, 127 in Case No. 7:15-cr-42. The government has filed responses to the motions. ECF No. 72 in Case No. 7:02-cr-66; ECF No. 128 in Case No. 7:15-cr-42. For the reasons set forth below, the court **DENIES** Campbell's motions for relief under the First Step Act.

I.

On June 18, 2002, Campbell and a co-defendant were charged in an indictment with one count of possession with intent to distribute in excess of five grams of cocaine base, in

---

[1] Campbell titled his motions "Motion for Reduction of Sentence and Term of Supervised Release as Pursuant to 18 U.S.C. Section 3582(c)(1)(B), as Authorized by the First Step Act." This title indicates that he was seeking a sentence reduction under the section of the statute commonly known as "compassionate release" and the motion was docketed as a motion for "compassionate release." ECF No. 65 in Case No. 7:02-cr-66; ECF No. 121 in Case No. 7:15-cr-42. However, it is clear from the text of the motion that Campbell seeks relief under the changes in sentences related to quantities of cocaine base brought about by the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(B), and 18 U.S.C. § 2 (Count 1), and one count of possession of marijuana in violation of 21 U.S.C. § 844 (Count 2). Pre-Sentence Investigation Report ("PSR"), ECF No. 41 ¶ 1 in Case No. 7:02-cr-66. On September 10, 2002, the government filed a notice of enhanced punishment, ECF No. 20 in Case No. 7:02-cr-66.[2] Campbell pleaded guilty to Count 2 and proceeded to trial on Count 1. PSR, ECF No. 41 ¶ 3–4 in Case No. 7:02-cr-66. On September 13, 2002, Campbell was tried by a jury which returned a verdict of "guilty" on Count 1. Jury Verdict, ECF No. 22; PSR, ECF No. 41 ¶ 4 in Case No. 7:02-cr-66.

Campbell faced a statutory sentence of ten years to life on Count 1 and 90 days to 3 years on Count 2. PSR, ECF No. 41 ¶ 46 in Case No. 7:02-cr-66; 21 U.S.C. §§ 841(b)(1)(B) and 844(a). Based on a total offense level of 30 and a criminal history category of III, Campbell's guideline range was 121 to 151 months. PSR, ECF No. 41 ¶ 47 in Case No. 7:02-cr-66; U.S. SENT'G COMM'N GUIDELINES MANUAL Ch. 5 Pt. A (Nov. 2001) ("USSG" or "guidelines"). On December 13, 2002, Campbell was sentenced to concurrent terms of 121 months on Count 1 and 90 days on Count 2, to be followed by an 8-year term of supervised release. J., ECF No. 24 in Case No. 7:02-cr-66. Campbell appealed and the Fourth Circuit Court of Appeals affirmed his conviction on November 20, 2003. The United States Supreme Court denied certiorari on December 12, 2004. Campbell's sentence later was reduced by one

---

[2] Section 851 provides the following: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851.

month to 120 months in accordance with Amendment 706 to the guidelines. ECF Nos. 33, 34, 35.

Campbell was released to supervision on March 21, 2011. Pet. for Warrant, ECF No. 47 at 1 in Case No. 7:02-cr-66. On May 28, 2015, Campbell was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). ECF No. 1 in Case No. 7:15-cr-42. He pled guilty on March 7, 2016. ECF Nos. 38, 39 in Case No. 7:15-cr-42. On July 18, 2016, Campbell was sentenced to a mandatory minimum sentence of 180 months. J., ECF No. 46 in Case No. 7:15-cr-42; 18 U.S.C. § 924(e)(1). Also on July 18, 2016, Campbell's term of supervision was revoked in the 2002 case. ECF No. 63 in Case No. 7:02-cr-66. He was sentenced to a term of 24 months on Count 1 and 12 months on Count 2, with the terms to run concurrently with each other and with the 180-month sentence imposed in Case No. 7:15-cr-42. J., ECF No. 62 in Case No. 7:02-cr-66. Campbell is housed at the Federal Correctional Institution Berlin and has a release date of February 17, 2027.[3]

Campbell seeks a reduction in the statutory sentence and term of supervision related to the sentence on the cocaine base conviction. ECF No. 65 at 2 in Case No. 7:02-cr-66; ECF No. 121 at 2 in Case No. 7:15-cr-42. His request for relief under the First Step Act has no effect on the sentence he received in 2016 for being a felon in possession of a firearm, nor on the revocation sentence related to the 2002 marijuana conviction.

---

[3] https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (search "Clifton Deron Campbell") (last viewed Nov. 20, 2023).

3

## II.

At the time Campbell was sentenced in 2002, a violation of § 841(a)(1) carried a mandatory minimum sentence of 10 years and a maximum sentence of life imprisonment if the offense involved more than 50 grams of cocaine base, and a penalty range of 5 to 40 years if the offense involved more than 5 grams of cocaine base. 21 U.S.C. §§ 841(b)(1)(A) and (B) (2000). With a prior conviction for a serious drug offense, the penalty range under § 841(b)(1)(A) increased to 20 years to life and the penalty range under § 841(b)(1)(B) increased to 10 years to life. In 2010, the Fair Sentencing Act was passed, and Section 2 of the Act reduced penalties for offenses involving cocaine base by increasing the threshold drug quantities required to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010). Currently, in order to trigger the 10-years-to-life-sentencing range, the offense must involve more than 280 grams of cocaine base, and to trigger the 5-to-40-year sentencing range, the offense must involve more than 28 grams of cocaine base. For an offense involving an unspecified amount of cocaine base, the punishment range did not change under the Fair Sentencing Act and remains punishable by up to 20 years imprisonment. 21 U.S.C. § 841(b)(1)(C). As a result of the change to the drug quantities, defendants like Campbell who are convicted of drug offenses involving less than 28 grams of cocaine base are now subject to punishment under § 841(b)(1)(C). United States v. Wirsing, 943 F.3d 175, 181 (4th Cir. 2019). If the defendant has a prior conviction for a felony drug offense, the maximum penalty is increased from 20 to 30 years. 21 U.S.C. § 841(b)(1)(C).

The First Step Act was passed on December 21, 2018. Section 404 of the act permits a court, upon motion of the defendant or the government, or upon its own motion, to impose a reduced sentence for certain offenses in accordance with the Fair Sentencing Act of 2010. Offenses qualify for the reduction if they were committed before August 3, 2010, and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010. First Step Act of 2018, Pub. L. No. 115-015, 132 Stat. 015 (2018).[4] If a sentence is eligible for a reduction, the court has discretion to consider whether to impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed. If the court determines that a sentence is eligible for reduction, the court must recalculate the defendant's guidelines sentencing range "'only to the extent it adjusts for the Fair Sentencing Act.'" United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023) (quoting United States v. Shields, 48 F.4th 183, 192 (3d Cir. 2022)). The court may then "consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark." Concepcion v. United States, 597 U.S. 481, 498 (2022). "By its terms, however, the First Step Act does not compel courts to exercise their discretion to reduce any sentence based on those arguments." Id. at 487 (2022).

---

[4] Other requirements include that the motion for reduction must be addressed to the court that imposed the relevant sentence, the sentence must not have been previously imposed or previously reduced pursuant to the First Step Act, and the petitioner must not have previously filed a motion under § 404 that was denied after a complete review of the motion on the merits. Gregory v. United States, No. 4:96-cr-22(01), 2022 WL 1144131 at *2 (E.D. Va. Apr. 18, 2022) (internal citations and quotations omitted).

Campbell committed his drug offense before August 3, 2010, and his offense carries the statutory penalties which were modified by Section 2 or 3 of the Fair Sentencing Act. If he were sentenced today for distribution of 5 grams of cocaine base with a prior conviction for a felony drug offense, he would be sentenced under 21 U.S.C. § 841(b)(1)(C) (2022) and his statutory sentencing range would be zero to 30 years, rather than 10 years to life. 21 U.S.C. § 841(b)(1)(C) (2018).

Relief under the First Step Act is not limited to a reduction in an original term of imprisonment but extends to sentences imposed for revocation of a term of supervised release, because a revocation sentence is considered part of the penalty for an initial offense. United States v. Venable, 943 F.3d 187, 194–95 (4th Cir. 2009). Therefore, even though Campbell has served the underlying sentence for drug distribution, he is eligible for relief under the First Step Act on his revocation sentence. When Campbell was sentenced on the revocation in 2016, the underlying felony was considered a "Class A" felony because the maximum penalty was life. In accordance with 18 U.S.C. § 3583(e)(3), the court was authorized to impose a sentence of up to 5 years on the revocation. But because after passage of the First Step Act the maximum sentence on the underlying felony is now 30 years, the court could impose a maximum sentence of only 3 years. Id.

In 2016, the court imposed a revocation sentence of 24 months on the revocation sentence, which was 40 percent of the then-maximum sentence. Today, if the court imposed a sentence that represented 40 percent of the maximum sentence on the revocation, the sentence would be approximately 14 months. Based on this calculation, Campbell is eligible

6

for a 10-month reduction of the revocation sentence based on the original cocaine base conviction.

The government concedes that Campbell is eligible for a sentence reduction on the revocation sentence. Nevertheless, the government argues that because Campbell is serving the revocation sentence concurrently with the mandatory minimum 180-month sentence for the firearm conviction, which was not affected by the First Step Act, the court cannot reduce his sentence on the revocation. The government is correct. In some circumstances, upon finding a defendant eligible for First Step Act relief on some counts, a court can lower a sentence on other counts. However, the court is not at liberty to do so when a defendant is serving a statutory mandatory minimum sentence. See United States v. Gravatt, 953 F.3d 258, 264, n.5 (4th Cir. 2020) ("Of course, statutory mandatory minimum terms remain in effect for certain . . . offenses. Even if a defendant's sentence involves a covered offense, the district court's review of a defendant's First Step Act motion cannot avoid those statutory requirements.") Therefore, even if the court were to lower Campbell's revocation sentence, he would still be obligated to serve the concurrent 180-month sentence on the firearm conviction. Accordingly, because reducing Campbell's sentence on the revocation would have no practical effect on the amount of time he must spend in prison, the court will **DENY** his motions.[5]

---

[5] As the court is denying Campbell's motion because he is still obligated to serve the firearm sentence, it will not address his post-sentencing conduct.

## III.

For the reasons set forth above, Campbell's motions for relief under the First Step Act, ECF No. 65 in Case No. 7:02-cr-66 and ECF No. 121 in Case No. 7:15-cr-42, are **DENIED**. The Clerk is directed to send a copy of this opinion and accompanying order to Campbell.

An appropriate Order will be entered.

It is so **ORDERED**.

Entered: 12-1-2023

Michael F. Urbanski
Chief United States District Judge